UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN KARLOWITSCH,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>EVERGREEN RECREATIONAL VEHICLES LLC, dba LIFESTYLE LUXURY RV; and TIARA RV SALES, INC.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:14-cv-02159-MMD-VCF<br><br>ORDER |

**I.	SUMMARY**

This dispute involves the warranty for a Lifestyle 38RS recreational vehicle ("RV"). Before the Court are cross motions: Defendants Evergreen Recreational Vehicles, LLC, dba Lifestyle Luxury RV ("Evergreen") and Tiara RV Sales, Inc. ("Tiara")'s Motion for Summary Judgment (ECF No. 287; and Plaintiff John Karlowitsch's Motion for Summary Judgment (ECF. No. 31).The Court has reviewed the parties' respective responses (ECF Nos. 29, 39) and replies (ECF Nos. 45, 49).

Karlowitsch has additionally filed a Motion to Transfer to Northern District for Trial ("Motion to Transfer") (ECF No. 34), which Defendants oppose (ECF No. 37.)

For the reasons discussed below, all three motions are denied.

**II.	BACKGROUND**

On November 19, 2013, Karlowitsch purchased an RV manufactured by Evergreen from Tiara, an authorized dealer. (ECF No. 1 ¶ 4.) Evergreen issued a

written warranty for the RV ("the Warranty"). (*Id.* ¶ 5.) The Warranty provides that Evergreen will repair or replace defects in the RV for varying lengths of time depending on the nature of the defect and subject to certain limitations. (ECF No. 28 at 18-21.) Karlowitsch claims that the RV exhibited (and continues to exhibit) a number of problems, some of which were immediately apparent, and others became apparent during later use. (ECF No. 31 at 2-16.) Karlowitsch argues that Defendants have failed to fix the defects, and he is therefore entitled to revoke his acceptance of the RV (*id.* at 16-21), and further is entitled to damages, attorney fees, and costs under the Magnsuson-Moss Warranty Act, 15 U.S.C. § 2310 (*id.* at 21-29.).

Defendants argue that Karlowitsch has not produced any evidence showing that they failed to honor the Warranty. (ECF No. 28 at 8.) Further, Defendants argue that they have repaired everything covered by the Warranty, and they remain willing to make additional repairs covered by the Warranty. (*Id.* at 11-12.)

Karlowitsch and Defendants have each moved for summary judgment on all claims.

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing

2

versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (quoting William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 499 (Feb. 1992) (citations omitted). "In fulfilling its duty to review each

///

cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

### IV. DISCUSSION

As is evident from even a cursory look at the competing summary judgment briefs, the parties disagree about a number of material facts. A large portion of the parties' respective briefs consists of explanations why the opposing party's presentation of undisputed facts are, in fact, disputed. (*See, e.g.*, ECF No. 29 at 3-20; ECF No. 49 at 3-16.) For the reasons discussed below, these disagreements prevent the Court from granting summary judgment in either party's favor.

#### A. Breach of Warranty

Karlowitsch argues that Evergreen has failed to comply with the obligations in the Warranty. Specifically, he argues that Evergreen has failed to, and continues to refuse to, make repairs that are covered by the Warranty. Defendants argue that they have made all repairs required by the Warranty.

The Magnuson-Moss Warranty Act (MMWA) dictates certain disclosure and content requirements for written warranties. 15 U.S.C. § 2301 *et. seq*. The law also creates a private right of action for a consumer when a warrantor has failed "to comply with any obligation under . . . a written warranty, implied warranty, or service contract." § 2310(d)(1); *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir.2005). However, while the MMWA creates a private cause of action, the underlying claim relies on state contract and warranty law. *Id.* at 918 (citing *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1016 (D.C.Cir.1986)). A plaintiff asserting a breach of warranty claim under Nevada must prove that a warranty existed, the defendant breached the warranty, and the defendant's breach was the proximate cause of the loss sustained. *Nevada Contract Servs., Inc. v. Squirrel Companies, Inc.*, 68 P.3d 896, 899 (Nev. 2003).

Neither party disputes the existence of a written warranty; however the parties dispute the two remaining elements. Karlowitsch argues that many warranty-covered components of the RV continue to be in disrepair. (*See, e.g.*, ECF No. 29 at 7, 10, 16.)

4

He also argues that certain repairs, even if completed, were not completed within a reasonable amount of time. (ECF No. 31 at 22.) Lastly, he argues that he is unable to sell or trade in the RV and that his truck has suffered damage due to the RV's faulty breaks. (*Id.* at 15-16.) As evidence, he includes work logs, invoices, his own declaration, several emails, answers to interrogatories, and an inspection report. (ECF Nos. 31-1, 31-2. 31-3, 31-4, 31-5.)

Defendants maintain that they performed all required maintenance under the Warranty. They argue that any remaining problems fall outside of the Warranty because they are cosmetic, have been caused by Karlowitsch himself, or have never been brought to their attention. To rebut Karlowitsch's evidence, Defendants have produced an inspection report which concludes that only "very minor convenience and/or cosmetic items" remain in need of attention. (ECF No. 39 at 87.) They have also produced a declaration from a customer care specialist indicating that just because something appears on a work log, does not mean it was a repair that was covered by the warranty. (*Id.* at 90.)

The resolution of Karowitsch's first claim turns on factual disputes about the sufficiency of repairs and the nature of the defects he identifies. The parties have each identified material disputes of fact upon which reasonable jurors could reach different conclusions. Therefore, neither party is entitled to summary judgment on this claim.

**B.     Revocation of Acceptance**

Karlowitsch argues that he purchased the RV, aware of certain problems, with the understanding that the Warranty would cover any problems that were not obvious at the time of sale. (ECF No. 31 at 19.) He further argues that Defendants failed to cure the defects that became apparent, and he revoked acceptance within a reasonable amount of time. (*Id.* at 20-21.) Once again, Defendants argue that they have complied with the Warranty, and any unrepaired problems are not covered.

///

///

In a decision allowing consumers to revoke acceptance of motorhomes from both sellers and manufacturers, the Nevada Supreme Court explained:

> The UCC provision governing revocation of acceptance was adopted and codified in Nevada as NRS 104.2608. It allows a buyer to revoke her acceptance of a purchased good if the item suffers from a "nonconformity [that] substantially impairs its value to the buyer" and the buyer accepted the item on the understanding that the seller would cure the nonconformity or was induced into accepting a nonconforming item "either by the difficulty of discovery before acceptance or by the seller's assurances."

*Newmar Corp. v. McCrary*, 309 P.3d 1021, 1024 (Nev. 2013) (quoting NRS § 104.2608(1)(a) & (b).).

Karlowitsch's second claim is based, in substantial part, on the same facts as his first claim. As discussed above, there is a factual dispute about whether the RV "suffers from a nonconformity that substantially impairs its value" and whether any such nonconformity has been cured by Defendants. The parties have each produced evidence that could lead a reasonable fact finder to different conclusions. Therefore, the motions for summary judgment are denied on Karlowitsch's second claim as well.

## V.    MOTION TO TRANSFER

Karlowitsch's Motion to Transfer asks the Court to move the trial in this case from Nevada's unofficial southern division in Las Vegas to its unofficial northern division in Reno. (ECF No. 34.) Defendants oppose the motion and argue that transferring the case this late would "drive up the costs for the Defendants to appear for trial." (ECF No. 37 at 2.)

The District of Nevada is divided into two unofficial divisions, and the local rules permit a presiding judge to move a trial from one division to another. LRs IA 1-6, 1-8(c). Under 28 U.S.C. § 1404(a), a district court has discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v.. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir.2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). When the defendant is the party seeking transfer, the plaintiff's choice of forum is "entitled to 'paramount consideration' and the moving party must show that a balancing of interests weighs heavily in favor of

transfer." *Galli v. Travelhost, Inc.*, 603 F.Supp. 1260, 1262 (D.Nev.1985). Normally the burden is on the defendant to make the strong showing that a change of venue is warranted. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986); *Galli*, 603 F.Supp. at 1262. This case, however, does not present the typical transfer scenario because Plaintiff, who chose the forum in the first instance, now seeks transfer. The reasons supporting deference to a plaintiff's original choice of forum are not as strong when the plaintiff changes its mind later in litigation.

The Court finds that transferring to the unofficial Northern District this late in the litigation, after Defendants hired counsel located in Las Vegas, and after discovery has closed and dispositive motions have been filed, would be unfairly prejudicial to Defendants. Therefore, the Motion to Transfer is denied.

## VI.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion because they do not affect the outcome of the parties' motions.

It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 28) is denied.

It is further ordered that Plaintiff's Motion for Summary Judgment (ECF No. 31) is denied.

It is further ordered that Plaintiff's Motion to Transfer to Northern District for Trial (ECF No. 34) is denied.

DATED THIS 12th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE